UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-80093-CR-Rosenberg/Reinhart

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SCOTT WOOLLEY,

    Defendant.

_____/

REPORT AND RECOMMENDATION ON MOTION TO DISMISS INDICTMENT
[DE 27]

Before the Court is Defendant Scott Woolley's Motion to Dismiss Indictment. This matter was referred to the undersigned by the Hon. Robin L. Rosenberg. DE 28. Having considered the Motion and the Government's Response, and otherwise being fully advised, I recommend that the Motion be DENIED.

Mr. Woolley was indicted on June 11, 2019, for nine counts of committing bank fraud in violation of 18 U.S.C. § 1344. DE 10. He moved to dismiss the Indictment on September 6, 2019, alleging that "[e]ven assuming the truth of the factual allegations in the Indictment, the offense of Bank Fraud pursuant to Section 1344 cannot be established." DE 27 at 11. On September 17, 2019, the United States filed a Superseding Information that charged the same nine counts of bank fraud, plus three counts of wire fraud in violation of 18 U.S.C. § 1343. DE 29-1. Counts 4-12 of the Superseding Indictment are materially identical to

1

Counts 1-9 of the original Indictment.  Mr. Woolley has indicated that he would like his Motion considered as a Motion to Dismiss Counts 4-12 of the Superseding Indictment.  DE 37.

For an indictment to be sufficient, it must: (1) present the essential elements of the charged offense; (2) provide the accused notice of the charge he must defend against; and (3) enable the accused to rely upon any judgment under the indictment for double jeopardy purposes. *United States v. Woodruff,* 296 F.3d 1041, 1046 (11th Cir.2002).  "An indictment satisfies these requirements as long as the language therein sets forth the essential elements of the crime."  *United States v. Cole,* 755 F.2d 748, 759 (11th Cir. 1985). "Moreover, '[a] defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence, for an indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is enough to call for trial of the charge on the merits.'" *United States v. Mann,* 517 F.2d 259, 267 (5th Cir.1975) *cited in United States v. Florez Velez*, 05-20770-CR, 2008 WL 5412909, at *8 (S.D. Fla. Dec. 30, 2008) (J. Cooke).  The Federal Rules of Criminal Procedure do not authorize a motion to dismiss an indictment on the grounds that the factual allegations, even if true, fail to prove the crime alleged.  *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992) ("There is no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of sufficiency of the evidence. Moreover, this court is constitutionally barred from ruling on a hypothetical question. The sufficiency of a criminal indictment is determined from its face.").

Counts 4-12 of the Superseding Indictment are legally sufficient. They allege the essential elements of bank fraud, which are:

(1) the Defendant knowingly carried out or attempted to carry out a scheme to defraud a financial institution by using false or fraudulent pretenses, representations, or promises about a material fact;

(2) the false or fraudulent pretenses, representations, or promises were material;

(3) the Defendant intended to defraud the financial institution; and,

(4) the financial institution was federally insured.

Eleventh Circuit Pattern Jury Instruction (Criminal) 052 (2019). The Superseding Indictment recites each of these elements. DE 29 at 5 (¶2). It also provides adequate notice of the charge. It describes the object and purpose of the alleged scheme and the manner and means of the scheme. DE 29 at 3-6. It also identifies the financial institution involved, the victim company, and the dates, amounts, and parties for each act in execution of the alleged scheme. DE 29 at 6-7. There is sufficient detail for Mr. Woolley to plead double jeopardy in the event of a future prosecution. *See United States v. Dixon,* 509 U.S. 688, 696 (1993) (double jeopardy arising from successive prosecution is determined by comparing the elements of the two offenses). There is no legal basis to dismiss Counts 4-12.

WHEREFORE, it is RECOMMENDED that the Motion to Dismiss Indictment be DENIED.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin L. Rosenberg United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**DONE AND SUBMITTED** in Chambers this 30th day of September, 2019, at West Palm Beach in the Southern District of Florida.

_____
BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE