**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:19-cr-80093-ROSENBERG**

UNITED STATES OF AMERICA,

Plaintiff,

v.

SCOTT WOOLLEY,

Defendant.
_________________________________/

**ORDER DENYING WITHOUT PREJUDICE MOTION TO MODIFY SENTENCE AND GRANTING EXTENSION OF SELF-SURRENDER DATE**

This cause comes before the Court upon Defendant Scott Woolley's Motion to Modify Sentence to Convert Sentence of Incarceration to Home Detention Based on Extraordinary Circumstances. DE 101. Woolley seeks the conversion of his five-month sentence of incarceration to home detention under 18 U.S.C. § 3582(c)(1)(A)(i) in light of the COVID-19 pandemic. *Id.* He states that, if his sentence is not converted, he would prefer to begin serving his sentence as scheduled rather than delay his self-surrender. *Id.* at 7-8. His current self-surrender date is April 27, 2020. DE 98.

The Government responds that exhaustion of administrative remedies is a prerequisite to seeking relief under § 3582(c)(1)(A)(i) and that Woolley's failure to exhaust administrative remedies is fatal to his Motion. DE 104. The Government does not oppose a four-month extension of Woolley's self-surrender date to give him time to exhaust administrative remedies. *Id.* at 2, 9.

Once a sentence of imprisonment is imposed, a court's authority to modify the sentence is narrowly limited by statute. *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010). Under § 3582(c)(1)(A), a court may reduce a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A). The Court must consider the factors in 18 U.S.C. § 3553(a) and find extraordinary and compelling reasons warranting a sentence reduction. *Id.* § 3582(c)(1)(A)(i).

Woolley contends that he should not be required to exhaust administrative remedies in this instance. "Exhaustion of administrative remedies may be either mandated by statute or imposed as a matter of judicial discretion." *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998). Where exhaustion is imposed as a matter of judicial discretion, a court may decline to require exhaustion under some circumstances. *McCarthy v. Madigan*, 503 U.S. 140, 146-48 (1992) (identifying undue prejudice, inadequacy, and futility as circumstances that may excuse exhaustion), *superseded in part by statute on other grounds*. However, "[w]here Congress specifically mandates, exhaustion is required." *Id.* at 144. "[T]he courts cannot simply waive [Congressionally mandated exhaustion] requirements where they determine they are futile or inadequate." A*lexander*, 159 F.3d at 1326. "Mandatory exhaustion is not satisfied by a judicial conclusion that the requirement need not apply." *Id.*

The Court is sympathetic to the unique health, family, and employment circumstances that Woolley has identified in his Motion and to the hardships that imprisonment will create for his family. However, he has not presented his request for sentence modification to the Bureau of

Prisons as § 3582(c)(1)(A) requires. Under binding precedent, the Court lacks the authority to excuse his failure to exhaust, even under the unusual circumstances that the COVID-19 pandemic presents. *See McCarthy*, 503 U.S. at 144; A*lexander*, 159 F.3d at 1326.

The Court does, however, extend Woolley's self-surrender date to August 31, 2020. This extension is intended to give him time to determine, procedurally, whether and how he might exhaust administrative remedies when he is not yet a prison inmate and, if he is able to exhaust when not yet an inmate, to give him time to exhaust administrative remedies as § 3582(c)(1)(A) requires before his self-surrender. Woolley may self-surrender prior to August 31 if he so chooses.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendant Scott Woolley's Motion to Modify Sentence to Convert Sentence of Incarceration to Home Detention Based on Extraordinary Circumstances [DE 101] is **DENIED WITHOUT PREJUDICE**.

2. Defendant Scott Woolley's self-surrender date is extended to **August 31, 2020**. Defendant shall surrender to the designated facility and/or the United States Marshal for this District **on or before 12:00 p.m. (noon)** on August 31, 2020.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 17th day of April, 2020.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record