**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:19-cr-80093-ROSENBERG**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SCOTT WOOLLEY,

    Defendant.

_____/

## ORDER GRANTING RENEWED MOTION TO MODIFY SENTENCE

This cause comes before the Court upon Defendant Scott Woolley's ("Woolley") Renewed Motion to Modify Sentence. DE 107. He presently has a self-surrender date of August 31, 2020, to begin serving a five-month term of imprisonment. *See* DE 98; DE 105. He states that he has been designated to serve his sentence at Camp FCI Miami, and the Government, in its Response, does not dispute that statement. *See* DE 107 at 5; *see generally* DE 109. Woolley asks that his prison sentence be converted to five months of home detention under 18 U.S.C. § 3582(c)(1)(A)(i) due to extraordinary and compelling reasons.[1] The Court has reviewed the Renewed Motion to Modify Sentence, the Government's Response thereto, Woolley's supplement of medical records [DE 110] and the record and is otherwise fully advised in the premises. For the reasons set forth below, the Renewed Motion to Modify Sentence is granted.

---

[1] Because only the Bureau of Prisons has the authority to designate an inmate's place of confinement, the Court does not construe Woolley's Motion as seeking an order that his term of imprisonment be served at home. *See generally* 18 U.S.C. §§ 3621(b), 3624(c). Rather, the Court construes the Motion as asking the Court to reduce his term of imprisonment to zero and to instead impose five months of home detention.

As background, on February 12, 2020, the Court imposed a sentence of five months' imprisonment and three years' supervised release for each of two convictions of wire fraud, with the sentences to run concurrently. DE 98. The Court gave Woolley a self-surrender date of April 27, 2020. *Id.* Before that self-surrender date, he moved to convert his term of imprisonment to home detention under 18 U.S.C. § 3582(c)(1)(A)(i) in light of the COVID-19 pandemic. DE 101. Because he had not exhausted administrative remedies before filing his motion, and because it was unclear whether and how he could exhaust administrative remedies given that he was not yet a prison inmate, the Court denied the motion without prejudice but extended the self-surrender date to August 31, 2020. DE 105.

In his Renewed Motion to Modify Sentence, Woolley contends that he exhausted administrative remedies by sending a preemptive request for compassionate release to the warden of Camp FCI Miami in May 2020, for which he has received no response. DE 107 at 10-11. The Government acknowledges that he as met the exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A). DE 109 at 1, 4-5. Thus, the Court turns to the merits of his request.

Once a sentence of imprisonment is imposed, a court's authority to modify the sentence is narrowly limited by statute. *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010). A court may reduce a term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). In making the decision whether to reduce a term of imprisonment, the court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable. *Id.* When reducing a sentence, the court "may impose a term of probation or supervised release with or without conditions that does

2

not exceed the unserved portion of the original term of imprisonment." *Id.*; *see also* U.S.S.G. § 5F1.2 (permitting home detention to be imposed as a condition of probation or supervised release as a substitute for imprisonment).

Application note 1 to U.S.S.G. § 1B1.13 provides a list of circumstances in which "extraordinary and compelling reasons" warranting a sentence reduction may exist. *See* U.S.S.G. § 1B1.13 (policy statement), application note 1. One such circumstance is where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* § 1B1.13, application note 1(A)(ii)(I). Extraordinary and compelling reasons may also exist if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described" in the application note. *Id.* § 1B1.13, application note 1(D). Before reducing a sentence, a court must also determine that the "defendant is not a danger to the safety of any other person or to the community." *Id.* § 1B1.13(2).

In ruling on the instant Motion, the Court has carefully considered the parties' submissions related to the Motion and the entire record. These submissions show that Woolley suffers from Type II diabetes mellitus and obesity and that his doctor has opined that he would be "at a very high risk in a confined environment." DE 110-2 and -3. The Center for Disease Control has identified Type II diabetes mellitus and obesity as underlying medical conditions that put a person at an increased risk for severe illness from COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Aug. 20, 2020). As of the date of this Order, FCI Miami has 44 active inmate cases and 30 active staff cases

of COVID-19.  *See* https://www.bop.gov/coronavirus/ (last visited August 20, 2020).  Based on its review of the circumstances, the Court is satisfied that Woolley has presented extraordinary and compelling reasons that warrant a sentence reduction.  *See* 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13, application note 1(A)(ii)(I).  The Court is also satisfied that he does not pose a danger to the safety of others and that a reduction is consistent with the § 3553(a) factors, including but not limited to the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment.  *See* 18 U.S.C. § 3553(a); U.S.S.G. § 1B1.13(2).  The Court has reviewed the nature of Woolley's offenses and the presentence investigation report that was before the Court at the time of sentencing.  The Court also takes note of the personal, family, and financial circumstances that Woolley describes in his Motion and the ways in which the COVID-19 pandemic has impacted those circumstances.  *See* DE 107 at 11-13.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Scott Woolley's Renewed Motion to Modify Sentence [DE 107] is **GRANTED**.  The Court reduces his five-month term of imprisonment to **time served**.  As a condition of the previously imposed three-year term of supervised release, Woolley shall serve **150 days of home detention**.  All previously imposed conditions of supervised release remain the same.

Woolley shall participate in the Home Detention Electronic Monitoring Program for a period of 150 days.  During this time, Woolley shall remain at his place of residence except for employment and other activities approved in advance, and provide the U.S. Probation Officer with requested documentation.  Woolley shall maintain a telephone at his place of residence without 'call forwarding,' 'call waiting,' a modem, 'caller ID,' or 'call back/call block' services for the

above period. Woolley shall wear an electronic monitoring device and follow the electronic monitoring procedures as instructed by the U.S. Probation Officer. Woolley shall pay for the electronic monitoring equipment at the prevailing rate or in accordance with his ability to pay.

Woolley's Motion to File his Medial Records under Seal [DE 110] is **GRANTED**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 20th day of August, 2020.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record